UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| E. THOMAS MERRITT, III, ELIZABETH W. GRANGER, and TOWNLEY SHEAP, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLPOINT, INC., d/b/a/ ANTHEM HEALTH PLANS OF VIRGINIA, INC., and/or ANTHEM BLUE CROSS AND BLUE SHIELD,<br><br>Defendant. | Action No. 3:08–CV–272 |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiffs' Motion for Leave to File Second Amended Complaint (Docket No. 38). For the reasons stated below, the Court GRANTS the Motion for Leave to Amend as to the collective definition, but DENIES the Motion with respect to the addition of Deborah Johnson as a named plaintiff. Plaintiffs are DIRECTED to strike the portions of the proposed Second Amended Complaint not in conformity with this Order and Opinion.

## I. BACKGROUND

Plaintiffs E. Thomas Merritt, III ("Merritt"), Elizabeth W. Granger ("Granger"), and Townley Sheap ("Sheap") (collectively "Plaintiffs") filed a Complaint against WellPoint, Inc. and its subsidiary Anthem Health Plans of Virginia, Inc. (d/b/a/

1

Anthem Blue Cross and Blue Shield) ("WellPoint") on May 2, 2008. The Complaint was amended on August 26, 2008 and contains five counts: Count I: Disparate Treatment under the Age Discrimination in Employment Act ("ADEA") and the Older Worker Benefit Protection Act ("OWBPA"); Count II: Disparate Impact under the ADEA; Count III: Violation of the OWBPA waiver requirements; Count IV: Improper consideration of protected leave under the Family and Medical Leave Act ("FMLA"); and Count V: Violation of the Americans with Disabilities Act ("ADA").

Defendant filed a Motion to Dismiss, which the Court granted in part and denied in part on December 16, 2008. The Court's Opinion denied Defendant's Motion to Dismiss the Disparate Impact claim, granted Defendant's Motion to Dismiss the OWBPA claim for lack of standing, and dismissed as moot Defendant's Motion to Strike the Collective definition because Plaintiffs agreed to amend their collective definition. As a result, the First Amended Complaint contains Counts I, II, IV, and V.

Plaintiffs now request permission to amend the Complaint to reflect an amended collective and sub-collective definition and add Deborah Johnson as a Representative Plaintiff, which renews the OWBPA claim previously dismissed. Defendant objects to the amendments claiming that the amendments would be futile.

## II. ANALYSIS

Leave to amend under Fed. R. Civ. Pro. 15(a)(2) may be granted either with opposing party's written consent or the court's leave and "the court should freely

2

give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). A court may deny a request for leave to amend "when the amendment would be prejudicial to the opposing party," Edell & Assoc., P.C., v. Law Offices of Peter G. Angelos, 264 F.3d 424, 446 (4th Cir. 2001), or if the amendment would be futile, Foman v. Davis, 372 U.S. 178, 182 (1962); Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). Attempting to add a claim that would fail as a matter of law, or where a "proposed amended complaint does not properly state a claim under Rule 12(b)(6)," the amendment may be deemed futile. Glaser v. Enzo Biochem., Inc., 126 F. App'x 593, 602 (4th Cir. 2005); United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008); Sykes v. Bayer Pharm. Corp., 548 F. Supp. 2d 208, 216 (E.D. Va. 2008).

A.  Amendment of collective definition

   Plaintiffs wish to amend the Complaint by filing revised collective and sub-collective definitions. The First Amended Complaint contained the following collective and sub-collective definitions.[1] The collective was defined as:

> all persons aged 40 or older who were employed in WellPoint's Virginia operations and whose discharge, forced separation, or other involuntary separation from WellPoint during the period from January 2005 through the present resulted from WellPoint's policy or practice treating age (and its related characteristics) as negative factors in determining which

---

[1] In the First Amended Complaint, Plaintiff had two sub-collective classes, A and B. This Court dismissed the sub-collective A definition because the parties defined in sub-collective A did not have standing to assert a claim. Plaintiffs' proposed Second Amended Complaint reflects this Court's decision and contains only a collective and sub-collective defintion for those parties that, they assert, have standing.

employees to retain and which to terminate (variously described by WellPoint as "reductions in force," "position eliminations," "resignations," "retirements," and "cause" terminations) and/or from the adverse age impact of WellPoint's use of subjective termination selection processes and/or the use of analytics/metrics in the termination selection process. Plaintiffs Merritt, Granger, and Sheap, are representatives of this collective.

(1st Am. Compl. ¶ 12.) The sub-collective B was defined as:

all persons aged 40 or older who were employed in WellPoint's Virginia operations, were discharged during the period from January 2005 through the present, and were offered "Severance Pay" conditioned upon signing a General Release and Waiver Agreement, including a release and waiver of age discrimination claims that (1) did not include 45 days to consider the release of waiver, and (2) did not include the ages and job titles of all persons terminated by WellPoint and retained by WellPoint as part of the termination program. All members of Waiver Sub-Collective B did execute the General Release and Waiver Agreement.

(1st Am. Compl. ¶ 14.) The proposed collective definition in the Second Amended

Complaint is as follows:

all persons aged 40 or older who were employed in WellPoint's Virginia operations and who involuntarily separated employment from WellPoint (variously described by WellPoint as "reductions in force," "position eliminations," "resignations," "retirements," and "cause" terminations) during the period from January 2005 through the present. Plaintiffs Merritt, Granger, Sheap and Johnson are representative of this Collective.

(2d Am. Compl. ¶ 13.) The proposed sub-collective ("Waiver Sub-Collective A") is defined as:

all persons age 40 or older who were employed in WellPoint's Virginia operations, were discharged during the period from January 2005 through the present, and were offered "Severance Pay" conditioned upon signing a General Release and Waiver Agreement, including a release and waiver of age discrimination claims that (1) did not include 45 days to consider the release of waiver; and (2) did not include the ages and job titles of all persons terminated by WellPoint and retained by WellPoint as part of the termination program. All members of Waiver Sub-Collective A executed the General Release and Waiver Agreement.   Plaintiff Johnson is representative of this Waiver Sub-Collective.

4

(2d Am. Compl. ¶ 15.)

Defendant argues that amending the collective definition would be futile because this definition is not precise enough to determine who would be a proper member of the collective. WellPoint insists that these amended definitions require an analysis of whether or not the employee's departure was voluntary or involuntary to become a member of the class, and this is a question of fact.

Plaintiffs may maintain a class action for age discrimination under the ADEA according to 29 U.S.C. § 626(b), which incorporates 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). D'Anna v. M/A-Com, Inc., 903 F. Supp. 889, 892 (D. Md. 1995). Section 216 states that "[a]n action to recover . . . may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b) (2006) (emphasis added). The term "similarly situated" is not defined by section 216(b) and the Fourth Circuit has not provided a bright-line rule for the "similarly situated" standard. Choimbol v. Fairfield Resorts, Inc., 475 F. Supp. 557, 562 (E.D. Va. 2006). However, the Fourth Circuit has provided some guidance as to the term's meaning, by finding parties "similarly situated" when they have "shown themselves to be victims of a common policy, scheme, or plan that violated the [ADEA]." Id. at 563–64.

Defendant takes issue with the terms "resignations" and "retirements" when used in conjunction with "involuntary separat[ion]" because resignations and retirements are "facially voluntary separations." (Def.'s Opp'n to Pls.' Mot. for Leave to Amend 3.) However, as Plaintiffs properly noted in their opposition to Defendant's

5

now-resolved Motion to Dismiss, a challenge to a collective definition is premature at this stage, and WellPoint will have ample time to object to the collective definition and those who fall within the scope of the definition, once Plaintiffs have filed their Motion for Certification pursuant to 29 U.S.C. § 626(b).

Because Plaintiff has adequately provided a collective definition which would give notice to those employees who may be similarly situated through their involuntary separations, regardless of the classification of the separations, the Motion for Leave to Amend is not futile. Further, a challenge to potential plaintiffs is more appropriate at the Motion for Certification stage. For this reason, Plaintiffs's Motion for Leave to Amend the collective definitions is GRANTED.

B. Addition of Johnson as named plaintiff

Plaintiffs wish to add Deborah Johnson as a named plaintiff in this matter. Johnson was 58 years old and a 14 year employee when she was terminated from WellPoint. Johnson was offered and accepted severance pay in return for her waiver of rights to bring an age discrimination claim against WellPoint. Plaintiffs allege that the waiver was in violation of the OWBPA, and because Johnson signed the waiver, she has standing to assert her claim. Johnson opted-in to become a named plaintiff on December 9, 2008. Defendant alleges that Johnson has not yet exhausted her administrative remedies by filing an administrative charge with the Equal Employment Opportunity Commission ("EEOC").

6

29 U.S.C. § 626(d) requires that a civil action may not be commenced until 60 days after filing an unlawful discrimination charge with the EEOC. 29 U.S.C. § 626(d) (2006). "A failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim. . . . The same is true of claims made under the ADEA." Jones v. Calvert Group, Ltd., 551 F.3d 297, 300–01 (4th Cir. 2009). Because the OWBPA is a part of the ADEA, Johnson must have filed an administrative claim with the EEOC to pursue her claim in this Court.

Plaintiffs admit in the Second Amended Complaint that, "[b]ecause Representative Plaintiff Johnson executed a 'General Release & Waiver Agreement' that is the subject of this action, Johnson did not file a charge of discrimination with EEOC." (2d Am. Compl. ¶ 6.) Because Johnson admittedly did not file an EEOC charge, she has not exhausted her administrative remedies, and therefore this Court lacks subject matter jurisdiction over her claim under Federal Rule 12(b)(1).

On these same grounds, Rule 12(b)(6) also precludes the addition of Johnson and any claims she attempts to raise, because she cannot state a claim upon which relief may be granted. See Malik v. Phillip Morris USA, Inc., Action No. 3:06CV249, 2006 WL 1720689, at *2 (E.D. Va. June 20, 2006) (holding that failure to exhaust administrative remedies must result in dismissal for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted). Johnson's time to file a charge of discrimination with the EEOC appears to have elapsed and she appears to be unable to remedy this flaw, therefore this claim is futile.

7

Plaintiffs assert that Johnson could be properly added because the other named plaintiffs have exhausted their remedies. However, in order to become a named plaintiff, the case law from this circuit indicates that the named plaintiffs must have first exhausted their administrative remedies. See Chisholm v. U.S. Postal Service, 665 F.2d 482, 490 (4th Cir. 1981) ("private sector employees may maintain a class action without filing their own claims so long as the named plaintiff has exhausted administrative remedies") (citing Wheeler v. Am. Home Prods. Corp., 582 F.3d 891 (5th Cir. 1978)); Brown v. Eckerd Drugs, Inc., 564 F. Supp. 1440, 1445 (W.D.N.C. 1983) ("[T]he jurisdictional concerns relating to the proposed intervenors were satisfied by the proper exhaustion of administrative remedies by the named plaintiffs."). Therefore, because Johnson has failed to exhaust her administrative remedies, she cannot be named as a plaintiff in this matter.

Plaintiffs further contend that Johnson could become a named plaintiff under Fed. R. Civ. P. 20, because she is a party with an interest in the subject matter of the litigation. However, the standard under Rule 15, as analyzed above, must also be considered when joining a plaintiff under Rule 20. See Hinson v. Norwest Fin. South Carolina, Inc., 239 F.3d 611, 618 (4th Cir. 2001). Because Johnson fails to meet the standard for Rule 15, she cannot be joined under Rule 20.

For these reasons, Plaintiffs' Motion for Leave to Amend with regard to the addition of Johnson as a plaintiff is DENIED. Moreover, because Johnson cannot be added as a plaintiff, the sub-collective class she represents lacks standing, therefore, the sub-collective definition is futile and cannot be added to the proposed Second Amended Complaint.

C. Independent cause of action under OWBPA

Defendant, at the end of its argument, attempts to reassert the claim that OWBPA does not provide an independent cause of action. As previously discussed, Johnson cannot be added as a party by the amended complaint, therefore the OWBPA claim cannot be included in the Second Amended Complaint because no party exists who could assert standing under the OWBPA. However, for purposes of clarification, this Court would like to make it clear that this district has recognized a private right of action for OWBPA claims.

While Defendant presents a long list of precedent from other circuits which have indicated in certain situations that there is no private right of action under the OWBPA, this Court, in 2004, enumerated a very clear standard as to the legitimacy of an individual right under the OWBPA. In Krane v. Capital One Servs., Inc., this Court held that the statutory construction of the ADEA and the OWBPA indicated that Congress meant for there to be a right of injured parties to bring a cause of action for declaratory or injunctive relief, under the OWBPA. 314 F. Supp. 2d 589, 604 (E.D. Va. 2004). This Court also stated, after analyzing the intent behind the OWBPA, that "it is difficult to discern a congressional intent to prohibit a person aggrieved by a violation of the waiver provisions from seeking such legal or equitable redress as would effectuate the statutory purposes by remedying a violation of the OWBPA." Id. at 605. After reviewing the case law submitted by the defendant in its effort to prove an absence of a private right, this Court held,

> [t]aken together, the relevant authorities, viewed in perspective of the statutory text and the statutory scheme involved, lead to the conclusion that, under section 626(c), an employee can seek declaratory and injunctive

9

> relief for a violation of the OWBPA provisions respecting waivers found in section 626(f).  However, a violation of section 626(f), standing alone, or without an accompanying ADEA age discrimination claim, is not viable because there is no monetary damage that can flow simply from a violation of the waiver provisions in section 626(f).

Id. at 609.  For this reason, it is evident that the OWBPA provides a private right of action for declaratory and injunctive relief; and monetary relief is possible if the OWBPA claim is coupled with an ADEA age discrimination claim.  For this reason, Defendant's claim that no private right of action exists under the OWBPA is hereby DISMISSED.


### III.  CONCLUSION

For the above reasons, Plaintiffs' Motion to Amend is GRANTED as to the amendment of the collective definition, but DENIED with regard to adding Deborah Johnson as a named plaintiff.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

```
              /s/
James R. Spencer
Chief United States District Judge
```

ENTERED this 25ᵗʰ day of February 2009